IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **JUNTA CASTRO,** on behalf of himself and others similarly situated<br>9 Bexleigh Ct, 303<br>Parkville, MD 21234<br><br>            Plaintiff,<br><br>    v.<br><br>**UNDER ARMOUR, INC.**<br>101 Performance Drive<br>Baltimore, MD 21230<br><br>       Serve On:<br>       CSC-Lawyers Incorporating<br>       Service Company<br>       7 St. Paul Street, Suite 820<br>       Baltimore, MD 21202<br><br>    and<br><br>**UNDER ARMOUR RETAIL, INC.**<br>101 Performance Drive<br>Baltimore, MD 21230<br><br>       Serve On:<br>       CSC-Lawyers Incorporating<br>       Service Company<br>       7 St. Paul Street, Suite 820<br>       Baltimore, MD 21202<br><br>            Defendants. | CASE NO.: _____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Junta Castro, through undersigned counsel, brings this action, on behalf of himself and all others similarly situated, against Under Armour, Inc., and Under Armour Retail, Inc., ("Under Armour" or "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor &

1

Empl. §§ 3-501, *et seq.* ("MWPCL"), the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Empl. §§ 3-401, *et seq.*, and Maryland state common law.

## I. INTRODUCTION

1. Under Armour, a performance athleticwear company that designs and sells apparel, footwear and accessories to customers worldwide, both online and in brick-and-mortar stores, employs call center representatives to provide assistance to customers with inquiries, process transactions, resolve complaints and returns and offer product information via phone, email, chat, and social media.

2. Describing its purpose as "[t]o empower those who strive for more," Under Armour reported a total revenue of $5.1 billion and held $4.3 billion in total assets for fiscal year 2025.

3. Under Armour relies on its customer service employees to maintain its brand image through the provision of positive customer service experiences, an integral part of Defendants' business. But unfortunately, Under Armour does not fully compensate these employees for all the work that they do because Under Armour employs rounding and/or other timekeeping policies that depress these workers' actual wages.

## II. PARTIES

4. Plaintiff Junta Castro is an individual residing in Baltimore County, Maryland. Plaintiff Castro was employed by Defendants from March 2019 to December 2024.

5. Defendant Under Armour, Inc., is a Maryland corporation with its principal place of business located at 101 Performance Drive, Baltimore, MD 21230. At all times relevant to this complaint, Defendant Under Armour, Inc. was registered to do business in the State of Maryland, and, in fact, did business in the State of Maryland.

6. Defendant Under Armour Retail, Inc., is a Maryland corporation with its principal place of business located at 101 Performance Drive, Baltimore, MD 21230. At all times relevant to this complaint, Defendant Under Armour Retail, Inc. was registered to do business in the State of Maryland, and, in fact, did business in the State of Maryland.

7. At all times pertinent to this action, Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein.

8. At all times relevant to this action, Defendants were employers of Plaintiff and all others similarly situated within the meaning of the FLSA, MWHL, MWPCL, and Maryland common law.

9. At all times relevant to this action, Defendants were authorized to do business and continue to do business in the State of Maryland.

10. Defendants orchestrated and exercised control over the scheme designed to underpay their employees.

### III.   JURISDICTION

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 216(b).

12. The Maryland state law claims set forth herein are so related to and intertwined with Plaintiff's FLSA claims that they form a part of the same case and controversy. Therefore, this Court has supplemental jurisdiction over the Maryland state law claims pursuant to 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over Defendants because they reside in and regularly conduct business in Baltimore City, Maryland, which is located in this judicial district.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Defendants reside in and regularly conduct business within this judicial district.

### IV.   FACTS COMMON TO ALL

15. Under Armour required Plaintiff and similarly situated employees to take customer inquiries immediately upon the start of their shift through the end of their shift, using multiple electronic systems for inbound calls, chats, and email, including but not limited to telephone software, scheduling programs, case-management tools, and timekeeping/payroll applications.

16. To satisfy this requirement, Plaintiff and similarly situated employees must log in telephone and other computer systems and programs, authenticate credentials, and review work queues and messages. Employees also frequently performed customer case-specific tasks, such as completing calls or communications with customers, facilitating escalations, communicating with team members via Defendant's Team chat platform, and completing customer communication notes.

17. Some call center representatives also analyze and research potential fraudulent claims, process disputes and correspond with customers regarding potentially fraudulent activity.

18. Plaintiff and others similarly situated performed aforementioned work before and after their shifts, as well as during their lunch breaks, which were automatically deducted from their work hours.

19. Plaintiff and others similarly situated often had no choice but to perform this work before and after their shift, and/or during their lunch break, because Defendants had policies that

regulated the amount of time employees can take between calls and/or restricted when employees could clock in and out for their shifts.

20. When Plaintiffs and others similarly situated clocked in before the start of their shifts and/or clocked out after the end of their shift, Defendants, through their timekeeping system, reported the employees' start and end time commensurate with their scheduled shift, resulting in uncompensated work.

21. Defendants' automatic deductions for meal periods also resulted in uncompensated work.

22. Defendants have employed more than one hundred (100) call center employees during the relevant time period who were not paid for all of the work they performed, including overtime pay.

23. Plaintiff and others similarly situated do not perform work that would qualify them as "exempt" employees.

24. In failing to properly compensate Plaintiff and other similarly situated persons for all hours spent working, Defendants have acted willfully and with reckless disregard of applicable FLSA, MWPCL, and MWHL provisions.

25. Pursuant to Md. Code Ann., Lab. & Empl. § 3-424, Defendants were required to maintain, for a period of at least three years, records of all employees' rate of pay, occupation, pay per pay period, hours worked each day and workweek, and other required information.

26. Defendants have also improperly maintained money that they should have paid as regular and overtime wages to Plaintiff and similarly situated individuals. Defendants' retention of this money has created an inequitable windfall for Defendants through, *inter alia*, reduced labor costs and enhanced profit margins. This violated the Maryland doctrine of unjust enrichment.

**V.    CLASS ALLEGATIONS UNDER THE MWHL AND THE MWPCL**

27. Plaintiff brings these MWPCL, MWHL, and unjust enrichment claims individually and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of:

> All current and former hourly non-exempt employees of Defendants who work or have worked in the State of Maryland for Defendant's call center at any time during the three years preceding the filing of this action through the present.

28. This action is brought and may properly be maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance, and/or superiority requirements under applicable law.

29. *Numerosity*. Defendants employ and have employed in excess of one hundred (100) other individuals during the relevant time period. As a result, the Class is so numerous that joinder of all Class members in a single action is impracticable. Members of the proposed Class are readily identifiable from information and records in Defendants' possession, custody, or control, including payroll records. The disposition of these claims will provide substantial benefit to the Class.

30. *Commonality/Predominance*. There is a well-defined community of interest and common questions of law and fact, which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of members of the Class, include but are not limited to, the following:

   a. Whether Defendants required its call center employees to perform integral and indispensable pre- and post-shift work off the clock and without compensation?

   b. Whether Defendants are required to pay Plaintiff and members of the Class for the work performed before and after their scheduled shift?

    c.   Whether Defendants restricted early clock-in and/or clock-out entries to scheduled shift start/stop times?

    d.   Whether Defendants automatically deducted meal periods despite call center employees working during those periods?

    e.   Whether Defendants unlawfully denied Plaintiff and members of the Class all earned wages in violation of MWPCL?

    f.   Whether Defendants unlawfully denied Plaintiff and members of the Class overtime premiums for time worked over forty (40) hours in a workweek in violation of MWHL?

    g.   Whether Defendants' policies and practices of failing to pay all compensation earned to Plaintiff and Class members violate Maryland common law?

31.   *Typicality*. Plaintiff and their legal claims are typical of the claims of other Class members because Plaintiff and the members of the Class were injured by the same wrongful practices in which Defendants have engaged and are based on the same legal theories. The only difference may be the amount of damages sustained by the members of the Class, which can be determined readily, and does not bar Class certification. Further, Plaintiff has no interests that are antagonistic to or in conflict with the interests of other Class members.

32.   *Adequacy of Representation*. Plaintiff will fairly and adequately represent the Class and their interest. Plaintiff understands the nature of the claims herein and his role in these proceedings. He will vigorously represent the interests of the Class. Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the entire Class. Neither Plaintiff nor his attorneys have interests that are contrary to or in conflict with those of the Class.

33. *Superiority/Manageability*. A class action is superior to all other available methods for the fair and efficient adjudication of this action. Individual litigation of the claims of Class members is economically unfeasible and procedurally impracticable. The individual damages incurred by each member of the Class resulting from Defendants' common and systematic wrongful conduct will likely be too small to warrant the expense of individual suits. The likelihood of individual members of the Class prosecuting separate claims is remote, and even if every person could afford individual litigation, the Court would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have significant interests in individually controlling the prosecution of separate actions, and individualized litigation would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the Court resulting from multiple trials of the same factual and legal issues.

34. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual Class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because, *inter alia*, it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' business practices.

## VI.   COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

35. This action is also maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation and minimum wages, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

36. The collective action class includes all individuals who have worked as a Customer Service Representative at Under Armour in the State of Maryland since March 10, 2023.

37. The class of individuals on behalf of whom Plaintiff brings this collective action are similarly situated because, they were or are employed in the same or similar positions as Plaintiff; they had the same or similar duties as Plaintiff; they were subject to the same or similar unlawful payment practices and/or policies as Plaintiff; and they have claims based upon the same legal theories. These similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' records. They may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216 (b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

38. Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in collective action litigation.

39. Defendants' failure to pay Plaintiff and similarly situated persons their lawful minimum and overtime wages was and is willful. Defendants knew or should have known that their conduct was unlawful under the FLSA and/or showed reckless disregard for the matter of whether their above-described conduct was prohibited by the FLSA.

## VII.   CAUSES OF ACTION

### Count I – Violation of FLSA

40. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

41. At all relevant times, Plaintiff and other Class members are or were covered employees of Defendants covered by the FLSA.

42. At all relevant times, Defendants were Plaintiff's and other Class members' employer within the meaning of the FLSA.

43. The FLSA requires an employer to compensate an employee for hours at an overtime rate of 1.5 times their regular rate of pay for any time worked in excess of forty (40) hours in a workweek.

44. The pre- and post-shift activities described herein are integral and indispensable to the principal activities of CSRs and therefore constitute compensable work under the FLSA.

45. Defendants violated the FLSA by knowingly failing to pay Plaintiff and all persons similarly situated for all compensable time and overtime hours worked due to its off the clock, rounding, and auto-meal deduction practices.

46. Defendants' actions were willful and negligent.

47. As a result, Defendants are liable to Plaintiff and all other similarly situated persons under 29 U.S.C. § 216(b) of the FLSA, for their unpaid, and illegally withheld, minimum wages and overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

### Count II – Violation of MWPCL

48. Plaintiff incorporates by reference all foregoing paragraphs as though fully set forth herein.

49. At all relevant times, Defendants were and are each an "employer" within the meaning of the MWPCL, Md. Code, Lab. & Empl. § 3-501(b).

50. At all relevant times, Plaintiff and other Class members are or were covered employees entitled to the protections of the MWPCL.

51. Defendants have a duty to pay whatever wages, as that term is used under the MWPCL, that were due to Plaintiff and the members of the Class on a regular basis.

52. Defendants failed to uphold their duty to pay all wages due in violation of Md. Code, Labor & Employ. §§ 3-502, 3-505(a), and 3-508. Defendants' failure to properly compensate their employees includes wages owed at the regular rate of pay and the overtime rate at time and a half the regular rate under the MWHL.

53. Defendants' failure to comply with the MWPCL was willful, intentional, in bad faith, and not because of a *bona fide* dispute.

54. Pursuant to § 3-507.2 of the MWPCL, Defendants are liable to Plaintiff and the members of the Class for three times the unpaid wages due, interest, attorneys' fees, costs, and any other relief this Court deems appropriate.

**Count III – Violation of MWHL**

55. Plaintiff incorporates by reference all foregoing paragraphs as though fully set forth herein.

56. The MWHL requires that covered employees receive "overtime wages of at least 1.5 times the usual hourly wage" for hours worked over 40 in a single week." Md. Code, Lab. & Empl. §§ 3-415(a) and 3-420(a).

57. At all relevant times, Defendants were and are each an "employer" within the meaning of the MWHL, Md. Code, Lab. & Empl. § 3-401(b).

58. Defendants violated, and are violating, the MWHL by failing to compensate Plaintiff and Class members for all hours worked and by failing to pay Plaintiff and Class members the legally mandated overtime premium.

59. Defendants' failure to comply with the MWHL was willful, intentional, in bad faith, and not because of a *bona fide* dispute.

60. Pursuant to § 3-427 of the MWHL, Defendants are liable to Plaintiff and the members of the Class for double the unpaid wages due, interest, attorneys' fees, costs, and any other relief this Court deems appropriate.

## Count IV – Unjust Enrichment

61. Plaintiff incorporates by reference all foregoing paragraphs as though fully set forth herein.

62. Throughout the relevant period, Plaintiff and Class members were routinely required to perform work activities that they were not compensated for at either their regular hourly rate or an overtime premium rate for hours worked over forty (40) in a workweek.

63. As a result, Plaintiff and the Class members were routinely denied wages owed.

64. Defendants received direct and substantial benefit from the work Plaintiff and the Class members performed on behalf of Defendants under circumstances that do not support Defendants' entitlement to those funds.

65. Permitting Defendants to retain the direct and substantial benefit it received from Plaintiff and the Class members under these circumstances would be inequitable because (1) Defendants were not entitled to the funds at issue; (2) the retained funds represent a substantial windfall to Defendants; (3) Defendants' practices caused Plaintiff and the Class members to suffer

more than a *de minimus* injury; (4) and Defendants were able to retain funds at issue only because of their control over Plaintiff's and the Class members' wages.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Issue an Order certifying this lawsuit as a class and collective action and appoint Plaintiff and their counsel to represent the Class;

B. Enter judgment against Defendants, jointly and severally, in favor of Plaintiff (including all Class members) for all wages owed under the MWHL, plus liquidated damages in amounts equal to their actual MWHL damages and any other penalties available under the MWHL;

C. Enter judgment against Defendants, jointly and severally, in favor of Plaintiff (including all Class members) for unpaid wages owed under the MWPCL, plus liquidated damages in amounts twice their actual MWPCL damages and any other penalties available under the MWPCL;

D. An award of attorneys' fees, costs, and expenses to be paid by Defendants;

E. Such other and further relief as this Court deems just and proper.

## VIII.  JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Tiffany Joseph Goodson*
Tiffany Joseph Goodson, Bar No. 21616
HKM EMPLOYMENT ATTORNEYS LLP
400 East Pratt Street, Suite 810
Baltimore, MD 21202
tjosephgoodson@hkm.com
(202) 919-5952

*Counsel for Plaintiffs*